IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RITA'S WATER ICE FRANCHISE CORPORATION and RITA'S WATER ICE, INC., *Plaintiffs* | ) ) ) ) ) | CIVIL ACTION |
| - vs. - | ) ) | No. 02-4849 |
| A.J. ICES, L.L.C., MARK SHORR and LINDA SHORR, *Defendants.* | ) ) ) ) ) | Judge Jay C. Waldman |

## MOTION TO MODIFY ORDER OF AUGUST 16, 2002

AND NOW, by and through their undersigned attorneys, come Defendants in the above-captioned action and set forth the following Motion to Modify Order of August 16, 2002:

1. On or about July 19, 2002, Plaintiffs filed with this Court a Complaint seeking injunctive relief requiring Defendants to comply with Plaintiffs' Franchise Agreement as well as reimbursement for attorneys' fees and costs of investigation.

2. On or about August 8, 2002, the parties to this action stipulated to the entry of a Temporary Restraining Order requiring Defendants to "conduct themselves in a manner consistent with the provisions of their franchise agreement." A hearing on Plaintiffs' Motion for Preliminary Injunction was scheduled before this Honorable Court for Monday, August 19, 2002.

3. On August 14, 2002, Plaintiffs took the depositions of Defendants for use at the Preliminary Injunction Hearing.

4. Subsequent to the entry of the Order of August 8, the Parties engaged in discussions to enable the Parties to enter into a stipulated Preliminary Injunction. On Friday, August 16, 2002 the

96543-1

1

Parties stipulated to the entry of a Preliminary Injunction without hearing. Such stipulated Order, as submitted to the Court by the Parties, enjoined Defendants from certain particularly described conduct, which conduct was the subject of the depositions of Defendants, which Plaintiffs contend violates the Franchise Agreement. This stipulated consent order was hand-delivered to the Court at approximately 12:00 noon on August 16.

5. On August 16, 2002, upon such stipulation of the Parties, this Court entered a Preliminary Injunction providing that Defendants must refrain from such particularly described conduct. A true and correct copy of this Order is attached hereto as Exhibit "A".

6. Without prior notice to Defendants, Plaintiffs had prepared a Notice of Termination of Franchise Agreements effective September 16, 2002. Although the Notice of Termination is dated August 15, Defendants and their Counsel did not receive such Notice until August 16, after they had stipulated to the proposed Preliminary Injunction order. (Counsel for Defendants received the Notice of Termination, which was delivered to them by e-mail, on August 16. The header information of such e-mail indicates it was sent by Plaintiffs' counsel at 2:19 p.m. on that same day — apparently intentionally delayed until *after* Defendants stipulated to the proposed Preliminary Injunction order.) Also on August 16, 2002, Plaintiffs filed a Demand for Arbitration seeking, *inter alia*, confirmation of such termination. A true and correct copy of the Termination Notice is attached hereto as Exhibit "B". A true and correct copy of the Arbitration Demand is attached hereto as Exhibit "C".

7. Because, as this Court's Order of August 16, 2002 recognizes, "all of the substantive claims asserted in this action are subject to final and binding arbitration", the purported termination of Defendants' Franchise Agreements should not be permitted until the conclusion of such arbitration proceedings.

8. In order to preserve the *status quo* pending such binding arbitration, and to prevent irreparable harm to Defendants should their franchise agreements be terminated prior to the conclusion of such arbitration proceedings, Defendants hereby request that this Court modify its Order of August 16, 2002 to require Plaintiffs to fully comply with the terms of the Franchise Agreements with Defendants unless and until the arbitration panel authorizes the termination of such Agreements.

WHEREFORE, Defendants respectfully request this Honorable Court to enter the proposed Order attached hereto granting the relief described hereinabove.

Respectfully submitted,

Frederick E. Blakelock
PA I.D. No. 65938
HECKER BROWN SHERRY AND JOHNSON LLP
1700 Two Logan Square
18th & Arch Streets
Philadelphia, PA 19103-2769
215/665-0400


Michael J. Hennessy
PA I.D. No. 34445
SPRINGER BUSH & PERRY P.C.
Two Gateway Center, 15th Floor
Pittsburgh, PA 15222
412/281- 4900
Attorneys for Defendants

Dated: August 27, 2002

96543-1

3