IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RITA'S WATER ICE FRANCHISE CORPORATION and RITA'S WATER ICE, INC. | : : : : | CIVIL ACTION |
| v. | : : | |
| A.J. ICES, L.L.C., MARK SHORR and LINDA SHORR | : : | NO. 02-4849 |

**O R D E R**

**AND NOW**, this          day of September, 2002, upon advice of defendants' Motion to Modify Order of August 16, 2002 (Doc. #14) and plaintiffs' response in opposition thereto, as the purpose of the order in question was not to maintain the status quo per se but to preclude conduct by defendants in which they clearly had no right to engage, without requiring an admission or determination that they had engaged in such conduct; as the relief sought by plaintiffs would be appropriate even if they were contemplating termination of the franchise to obtain protection during the required thirty-day period between notification and termination; as the requested modification is effectively a request for other injunctive relief and thus a finding of "good cause" would reasonably require a showing of entitlement to preliminarily enjoin the termination; as the complete extinction of a business or the loss of good will from the termination of a franchise may constitute irreparable harm, see, e.g., Atlantic City Coin & Slot Service Co., Inc. v. IGT, 14 F. Supp. 2d 644, 667-68 (D.N.J. 1998), defendants may establish their right to reinstate the franchise in pending arbitration proceedings by the next product season in the spring of 2003 and

in any event would still have to demonstrate a reasonable probability of success on a claim for wrongful termination to justify the relief they seek; and, as defendants have not refuted, by affidavits or otherwise, plaintiffs' account of admissions made by them near the close of the allotted discovery period preceding the August 16th order, from which admissions it would appear they would not likely succeed on a claim for wrongful termination, **IT IS HEREBY ORDERED** that said Motion is **DENIED.**

                                          **BY THE COURT:**

                                          _____
                                          **JAY C. WALDMAN, J.**